## Directors of State Banking Institutions

SAYLOR, Deputy Attorney General, May 25, 1934.—You have asked to be advised whether a prothonotary of a court of common pleas and any employe of your department, the Treasury Department, the Auditor General's Department, or the Department of Revenue is eligible to serve as director or trustee of an incorporated banking institution under your supervision.

Section 502(*f*) of the Banking Code of May 15, 1933, P. L. 624, provides, inter alia, as follows:

"The following shall not be eligible to be directors or trustees in any incorporated institution: . . .

"(2) Any person holding office under this Commonwealth in the Department of Banking, the Treasury Department, the Auditor General's Department, or the Department of Revenue;

"(3) Any person authorized to receive and account for the public moneys of this Commonwealth."

I. You inquire to what extent the phrase "holding office" in any one of the four departments of the Commonwealth named applies to the employes of those departments.

Clearly, it applies to the heads of the departments. They hold office by virtue of election or by appointment of the Governor.

It also applies to all deputies in the departments. They hold office by virtue of appointment by their immediate superiors. They have the powers of their principals: Commonwealth ex rel. v. Greason, 5 S. & R. 333 (1819). See also section 213 of The Administrative Code of 1929. They receive or are entitled to receive a certificate of appointment, take an oath for the faithful performance of their duties, and exercise powers directly upon authority as defined by statute or as delegated to them by the head of the department.

The phrase does not apply to those employed as clerks, stenographers, or per diem workers. They do not hold office. The word "office" connotes a function charged with some degree of executive responsibility and involving the exercise of discretion in the performance of the holder's duties.

The present Attorney General, then Special Deputy Attorney General, rendered an opinion to Governor Fisher on June 7, 1927, Members of Legislature—Appointment to Public Office, 10 D. & C. 36, involving the applicability of section 6 of article II of the Constitution of the Commonwealth to service by members of the legislature on the boards of trustees of State institutions. In reviewing the authorities interpreting the words "office" and "civil office", reference was made to Commonwealth ex rel. v. Murphey, 25 Pa. C. C. 637, 639 (1901), where Judge Weand said, quoting Tiedman on Municipal Corporations:

"'. . . The word "office" implies a more or less permanent delegation of a portion of governmental power, coupled with legally defined duties and privileges, continuous in their nature, and which upon the death, resignation or removal of the incumbent devolves on his successor.'"

Continuing, Judge Weand said:

"The thought running through every definition of an officer is that he shall perform some service or owe some duty to the government, state or municipal corporation, and not merely to those who appoint or elect him. His tenure must be defined, fixed and certain, and not arise out of mere contract of employment. . . ."

Attorney General Carson on July 31, 1903, rendered an opinion, reported in Report and Official Opinions of the Attorney General (1903-04), page 226, Public Officers, 12 Dist. R. 587, 28 Pa. C. C. 369, in which he said that public office "involves the idea of tenure, duration, fees, the emoluments and powers, as well as that of duty, and it implies an authority to exercise some portion of the sovereign power of the State, either in making, administering or executing the laws."

In that opinion, Attorney General Carson cites the case of Olmstead v. The Mayor of New York et al., 42 N. Y. Superior Ct. 481, stating (p. 230):

". . . An employe is one who receives no certificate of appointment, takes no oath of office, has no term or tenure of office, discharges no duties and exercises no powers depending directly on the authority of law, but simply performs such duties as are required of him by the persons employing him, and whose responsibility is limited to them, and this, too, although the person so employing him is a public officer, and his employment is in and about a public work or business."

In his opinion rendered on May 3, 1926, to Governor Pinchot, Notary Public's Qualifications, 7 D. & C. 587, 588, First Deputy Attorney General Campbell said:

"It is also to be noted that the definitions of the term 'office' involve the clothing of the incumbent with some part of the sovereignty and that the duties thereof shall be of a continuous character. . . . [Citing cases]

"The terms 'office' and 'appointment,' as used in article XII, section 2, of the Constitution, are synonymous. An 'office' is an appointment with a commission; an 'appointment' is an office without one. The distinction is immaterial: Com. ex rel. v. Binns, 17 S. & R. 219, 243."

It is our opinion that broadly speaking only the heads of the departments and their deputies "hold office under this Commonwealth" in the departments named in the act, and that clerks, stenographers, and per diem employes do not hold office. Between these categories, there may be assistants or special appointees of the department heads who, upon application of the tests above cited, would be found to be holding office. Determination of their status can be made only upon consideration of the circumstances of each case.

However, so far as the employes of the Department of Banking are concerned, there is a definite and complete prohibition upon their serving as directors or trustees of an incorporated banking institution of the Commonwealth.

Section 301 of the Department of Banking Code of May 15, 1933, P. L. 565, provides, inter alia, as follows:

"Neither the secretary, nor any deputy, examiner, clerk, or other employe of the department, shall be an officer, director, trustee, manager, employe, or shareholder of, or directly or indirectly have any pecuniary interest in, any institution; nor shall he, after becoming secretary, or a deputy, examiner, clerk, or other employe of the department, directly or indirectly receive from any institution, or from any officer, director, or employe thereof, any sum of money or other property, whether as a gift, credit, loan, or otherwise. . . ."

II. A prothonotary of a common pleas court receives from litigants and their representatives various fees, costs, taxes, etc., in connection with litigation, and also receives money for deposit in court pending determination of the rights of parties making claim to such money.

Section 611 of The Fiscal Code of April 9, 1929, P. L. 343, requires the prothonotaries of the several courts of common pleas to make return to the Department of Revenue and to pay through it to the State Treasurer the taxes on the several writs, entries, and transcripts prescribed by law. Such moneys are obviously public moneys of the Commonwealth.

While we do not believe that the legislature intended to disqualify from acting as bank directors all those who collect funds later paid over to the State, the language of section 502 (*f*) 3 of the Banking Code is so clear that we must interpret it as accomplishing that result in the case of a prothonotary.

A prothonotary is authorized to receive and account for some part of the "public moneys of this Commonwealth." Were such officer not considered as being included in the prohibition, it could be interpreted to apply only to those

officers of the Commonwealth receiving, depositing, and safeguarding its funds as are referred to in subparagraph (*f*) 2 of the same section.

*Summary*

Therefore, you are advised that a prothonotary of any court of common pleas, the heads of the Treasury Department, Auditor General's Department, or the Department of Revenue, and any deputy thereof, and the head and all deputies, clerks, and other employes of the Department of Banking are not eligible to serve as directors or trustees of any incorporated institution under your supervision. Such prohibition or disqualification is not imposed by the Banking Code on any employes of the Treasury Department, the Auditor General's Department, or the Department of Revenue, such as clerks and stenographers, who act entirely under the orders of the department heads or their deputies, and who do not exercise any discretionary power or perform any service other than for those who appoint them. Between these categories, there may be assistants or special appointees, whose eligibility to serve as directors or trustees of an incorporated institution under your supervision can be determined only upon consideration of the circumstances of each case.

From C. P. Addams, Harrisburg, Pa.